Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

_Jacksonvill_ Division

2019 JUN 17 PM 1:27

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

_James Bailey_
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

_Fla. Dept. of Corrections Staff, at R.M.C._
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. _3:19-cv-720-J-34MCR_
(to be filled in by the Clerk's Office)

PROVIDED TO OKALOOSA CI
ON _June 13th 2019_
FOR MAILING
_Legal Mail_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: James Bailey
- All other names by which you have been known: N/A
- ID Number: Q13954
- Current Institution: Okaloosa C.I.
- Address: 3189 Colonel Greg Malloy Rd.
  Crestview, FL 32539
  *City     State     Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Not known (N/k)
- Job or Title *(if known)*: Warden
- Shield Number: N/k
- Employer: Fla. Dept. of Corrections (F.D.O.C.) Reception & Medical Center (R.M.C.)
- Address: P.O. Box 628, Hwy. 231
  Lake Butler, FL 32054
  *City     State     Zip Code*
- ☒ Individual capacity   ☒ Official capacity

Defendant No. 2
- Name: N/k
- Job or Title *(if known)*: Asst. Warden over Security
- Shield Number: N/k
- Employer: F.D.O.C., R.M.C.
- Address: P.O. Box 628, Hwy. 231
  Lake Butler, FL 32054
  *City     State     Zip Code*
- ☒ Individual capacity   ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**
Name: N/K
Job or Title (if known): Colonel
Shield Number: N/K
Employer: F.D.O.C., R.M.C.
Address: P.O. Box 628, Hwy. 231
Lake Butler, Fl 32054
City / State / Zip Code

☒ Individual capacity   ☒ Official capacity

**Defendant No. 4**
Name: N/K
Job or Title (if known): Major
Shield Number: N/K
Employer: F.D.O.C., R.M.C.
Address: P.O. Box 628, Hwy. 231
Lake Butler, Fl 32054
City / State / Zip Code

☒ Individual capacity   ☒ Official capacity

(Defendants cont. attached pages)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment / Cruel & Unusual / Failure to protect

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_Each defendant was working as an officer of the State when violating Plaintiff's right._

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_The incident happened on 4-19-18 at R.M.C._

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

4-19-18 between 6:00AM & 7:30 AM

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(1) Plaintiff transferred to R.M.C. on or about 4-11-18 to recieve physical therapy for his back.

(2) On the morning of 4-19-18 between 6:00AM & 7:30 AM Plaintiff being housed in I-Block wing 2 in cell 209 came back from breakfast and was attacked (cont. attached pages)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My nose was displaced serverly, needing surgery called Septorhinoplasty.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(1) Declare every defendant violated Plaintiff's 8th amendment right;

(2) Issue an injunction requiring all defendants to special review Plaintiff from R.M.C. & them selves; (cont. attached pages)

Page 5 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Reception & Medical Center (R.M.C.)_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Officers negligence_

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   *Okaloosa C.I.*

2. What did you claim in your grievance?

   *The officers let my attacker in my wing to jump me.*

3. What was the result, if any?

   *denied*

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   *The grievance process is completed.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

    _____ N/A _____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    _____ N/A _____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    _____ N/A _____

   (Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____ N/A _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N/A_____
   Defendant(s) _____N/A_____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____N/A_____

3. Docket or index number
   _____N/A_____

4. Name of Judge assigned to your case
   _____N/A_____

5. Approximate date of filing lawsuit
   _____N/A_____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____N/A_____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____N/A_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  N/A
   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-13-19

Signature of Plaintiff: *James Bailey*
Printed Name of Plaintiff: James Bailey
Prison Identification #: Q13954
Prison Address: 3189 Colonel Greg Malloy Rd.
Crestview, Fl 32539
*City    State    Zip Code*

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City    State    Zip Code*

Telephone Number
E-mail Address

I. The Parties to this Complaint

B. Defendants (cont.)

Defendant No. 5
| | |
|---|---|
| Name | N/K |
| Job title | Sergeant |
| Shield No. | N/K |
| Employer | F.D.O.C., R.M.C. |
| Address | P.O. Box 628, Hwy. 231 |
| | Lake Butler   Fl   32054 |
| | city   state   zip |
| | individual & official capacity |

Defendant No. 6
| | |
|---|---|
| Name | N/K |
| Job title | N/K |
| Shield No. | N/K |
| Employer | F.D.O.C., R.M.C. |
| Address | P.O. Box 628, Hwy. 231 |
| | Lake Butler   Fl   32054 |
| | city   state   zip |
| | individual & official capacity |

Defendant No. 7
| | |
|---|---|
| Name | N/K |
| Job title | N/K |
| Shield No. | N/K |
| Employer | F.D.O.C., R.M.C. |
| Address | P.O. Box 628, Hwy. 231 |
| | Lake Butler   Fl   32054 |
| | city   state   zip |
| | individual & official capacity |

IV. Statement of Claim

D. (cont.)

by inmates not assigned to wing 2 of I-Block trying to rob him. During the attack Plaintiff tried to call for help but one of his assailants informed Plaintiff help would not come.

(3) After the attack Plaintiff's assailants called the officers to unlock the door to wing 2 so they could return to their assigned wings. Plaintiff cleand himself up & went

through count.

(4) After count Plaintiff went to a dental callout where he seen one of his attackers. Plaintiff's attacker told him that they would be coming back to finish what they started. When Plaintiff got to dental the dentist would not work on Plaintiff because of his injuries & referred him to the Ear, Nose, and Throte specialest (E.N.T.) Plaintiff's nose was serverly displaced & his face was swollen and bruised.

(5) Plaintiff then left dental & went back to his dorm where he talked to some other inmates about what his assailant said to him on his way to dental and decided to seek protective management.

(6) At chow call for lunch Plaintiff approached an unknown dorm officer of unknown rank (white, about 5'10", brown hair, slightly over weight) and told him about every thing that happened & asked for protection. The officer laughed and said "You think we don't know what happens in our dorm?" The officer then called Plaintiff a "pussy" & refused to give him protection.

(7) With no other choise Plaintiff went to the chow hall where he seen a Sgt. Plaintiff went to the Sgt. to seek protection & as soon as the Sgt. seen Plaintiff's face he asked what happened. Plaintiff told the Sgt. & asked for protection to which the Sgt. gave him.

(8) The Sgt. escorted Plaintiff to Medical for a pre-confinement physical where Plaintiff's injurys where evaluated & Plaintiff was refered to E.N.T. again. Then Plaintiff was questioned by a Captain who took photos of his injurys. Plaintiff was then placed in confinement for protective custody.

(9) The inmates who attacked Plaintiff were then

rounded up (four in all) give D.R., & special reviewed from Plaintiff.

(10) While in confinement Plaintiff witnessed Fla. House Representative Kimberly Daniels, District 14, question inmates & investigate R.M.C. because of the abusive officers violating inmates rights for their cruel past & present acts including actual physical violence by officers on inmates, and officers allowing inmate on inmate violence. Representative Daniels was at R.M.C. at least once a month investigating while Plaintiff was there. Plaintiff never stoped and talked to Representative Daniels because he was unawere of the officers involment at the time.

(11) On 5-23-18 Plaintiff was seen & scheduled for surgery by Dr. Fares of E.N.T.

(12) On 6-28-18 Plaintiff underwent reconstructive surgery called Septorhinoplasty to relocate his nose to its proper place. Plaintiff cheek bone was also fractured but was left alone in surgery.

(13) On 7-18-18 Plaintiff had a follow up with E.N.T.

(14) On 7-27-18 Plaintiff was transferred back to Okaloosa C.I. (O.C.I.) his permanent institution.

(15) Plaintiff only stayed at O.C.I. for about a month & then transferred back to R.M.C. for an M.R.I., where he was again attacked by three inmates with knives on 9-11-18 at the West Unit in D-dorm wing 1. This again led to Plaintiff being placed in protective custody & was special reviewed from those inmates as well. Plaintiff was then transferred back to O.C.I. on 10-9-18.

(16) Once back at O.C.I. a friend of Plaintiff, Michael Grier #L72642, that went with him on or

about 4-11-18 told him he witnessed Plaintiff's attackers the morning of the incident asking the dorm Sgt. permission to go to Plaintiff's wing to rob Plaintiff & the Sgt. let them.

(17) Once Plaintiff learned this he exhausted his administrative remeadys. F.D.O.C. responded that the incident will be investigated by the inspector genrals office, which never contacted Plaintiff.

(18) Plaintiff now files this complaint for the violation of his 8th amendment right against cruel & unusual punishment by the defendants

## Claims for Relief

(1) The 4-18-18 night shift or 4-19-18 day shift I-block Sgt. & officers allowance of Plaintiff's assailants to go to Plaintiff's wing to rob Plaintiff constitutes deliberate indifferents & exposed him to a known risk of danger, violating his 8th amendment right.

(2) The 4-19-18 day shift I-block Sgt. or officer that refused Plaintiff protection and claimed to have known about the incident but failed to act & failed to provide protection to Plaintiff exhibited deliberate indifferents to a known risk of danger to Plaintiff, violating his 8th amendment right.

(3) The Warden, Asst. Warden, Colonel, & Mager ignoring the history of widespread abuse & deprivation of rights by their officers constitutes deliberate indifferents, encouraged & allowed Plaintiff 8th amendment right to be violated

VI Relief cont.

(3) And award compensatory damages for Plaintiff's physical injuries, mental & emotional pain and suffering. And punitive damages against each defendant;

(4) Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.